## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABRAHAM GREENFELD and SAMUEL GREENFELD a/k/a NATHAN SAMUEL GREENFELD,<br><br>    Petitioners,<br><br><br>    - against -<br><br>YEHOISHIAH RUBIN a/k/a  SHIE RUBIN and DIAMOND ELITE QOF LLC,<br><br>    Respondents. | Case No._____<br><br>**PETITION TO CONFIRM FINAL AWARD IN ARBITRATION** |

Petitioners ABRAHAM GREENFELD and NATHAN SAMUEL GREENFELD (the "Petitioners"), by and through their attorneys Jacobowitz Newman Tversky LLP,  for their Petition to Confirm a Final Arbitration Award issued against Respondents YEHOISHIAH RUBIN a/k/a SHIE RUBIN ("Rubin") and DIAMOND ELITE QOF LLC ("Diamond Elite and with Rubin, the "Respondents") allege as follows:

### PARTIES

1.      Petitioner Abraham Greenfeld is an individual residing in the State of New York, Kings County.

2.      Petitioner Samuel Greenfeld a/k/a Nathan Samuel Greenfeld is an individual residing in the State of New Jersey, Ocean County.

3.      Respondent Yehoishiah Rubin a/k/a Shie Rubin ("Rubin") is an individual residing at 2148 N Wildflower Lane, Casa Grande, Arizona 85122.

4.    Shie is the denominational name by which he is known within the religious community and is therefore referred to by this name in the rabbinical documents annexed to this action.

5.    Respondent DIAMOND ELITE QOF LLC ("Diamond Elite") is a domestic limited liability company organized and existing under the laws of the State of Delaware.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that it is a diversity action between citizens of New York, New Jersey, Arizona, and Delaware, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.    Venue is proper in this judicial district pursuant to 9 U.S.C. § 9 because the parties' Agreement to Submit to Arbitration provided for all proceedings to be conducted in New York. A true and accurate copy of the Agreement to Submit to Arbitration is annexed as Exhibit A.

## BACKGROUND

8.    Petitioners were introduced to Rubin through a mutual friend regarding a potential real estate investment opportunity involving Diamond Elite.

9.    The parties agreed that Petitioners would loan Eight Hundred Thousand Dollars ($800,000.00) to the Respondents documented by a promissory note (the "Note").

10.    Rubin signed the Note, and Petitioners transferred the funds to Respondents.

11.    Following the terms of the Note, Petitioners requested payment of the loan.

12.    Respondents failed fulfill their payment obligations as outlined under the terms of the Note.

13.    The Petitioners were left with no choice and sought legal recourse through the Rabbinical Court.

14. On March 20, 2024, the parties herein agreed to submit their dispute before arbitration at the Rabbinical Court of Mechon L'Hoyroa (the "Rabbinical Court") before the arbitrators Rabbi Mordcho Babad, Rabbi Abraham Braunstein, and Rabbi Moshe Fleischman. A true and accurate copy of the Agreement to Submit to Arbitration is annexed as Exhibit A.

15. On May 23, 2024, the Rabbinical Court rendered a final, non-appealable award (the "Final Award") against the Respondents as set forth in the Final Award. A true and accurate copy of the Final Award is annexed as Exhibit B, together with a certified translation of the Final Award.

16. The Final Award ordered the Respondents to pay the Petitioners $800,000. However, if Respondents would make the payment within 90 days of the Final Award, they may reduce the payment by $250,000, resulting in a total payment of only $550,000.

17. After the Final Award was rendered, the Respondents sought to reopen the Arbitration before the Rabbinical Court.

18. Following further arguments before the Rabbinical Court, on September 30, 2024, the Rabbinical Court issues an amended final, non-appealable award (the "Final Amended Award") against the Respondents as set forth in the Final Amended Award. A true and accurate copy of the Final Amended Award is annexed as Exhibit C, together with a certified translation of the Final Amended Award.

19. The Final Amended Award directed that the Final Award was in effect, remains in effect and requires Respondents to pay Petitioners $800,000. However, if Respondents make the payment within 90 days from September 30, 2024, they may reduce the payment by $250,000, resulting in a total payment of only $550,000.

20. To date, no payments have been made to Petitioners.

21.    Petitioner seeks an order from this Court under the Federal Arbitration Act 9 U.S.C. § 9, and requests that the Court enter judgment confirming the Final Award and the Final Amended Award (collectively, the "Awards").

22.    As of the date of the filing of this Petition, no proceeding has been filed to vacate or modify either of the Awards.

23.    This Petition is being brought within one year after the delivery of the above-referenced Awards to the Respondent and Petitioners, the Awards have not been vacated or modified.

24.    No prior request has been made for the relief demanded herein.

## **CLAIM FOR RELIEF**

**WHEREFORE**, Petitioners respectfully demand judgment against Respondents, jointly and severally as follows:

  a.  Issue an order pursuant to 9 U.S.C. § 9 confirming the Awards;

  b.  Enter judgment thereon pursuant to 9 U.S.C. § 13 in the amount of $800,000 plus pre-judgment interest from May 23, 2024;

  c.  Awarding Petitioners reasonable attorneys' fees, costs, and expenses incurred in connection with this action to confirm the arbitration award; and

  d.  Awarding Petitioners such other and further relief as the Court deems just and proper.

Dated: Cedarhurst, New York
        April 8, 2025

JACOBOWITZ NEWMAN TVERSKY LLP
*Attorneys for Petitioners*

By: */s/ Evan M. Newman*
        Evan M. Newman
        Rachel Wrubel
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
(516) 545-0343
enewman@jntllp.com

## **VERIFICATION**

STATE OF NEW Jersey )
                              ss:
COUNTY OF Union )

     ABRAHAM GREENFELD, solemnly affirms under penalty of perjury the following:

     1.    That I am a petitioner in the above captioned matter and am fully familiar with the facts and circumstances of this action.

     2.    That I have read the foregoing Petition and know the contents thereof.

     3.    That the same is true of my own knowledge, except as to those matters alleged upon information and belief.  As to those matters stated to be alleged upon information and belief, I believe them to be true, based upon review of documents, conversations with my attorney and others and/or independent investigations.

                                   ABRAHAM GREENFELD

Affirmed to before me this
8th day of April 2025

Notary Public

Mohamed F Ali
NOTARY PUBLIC
State of New Jersey
ID # 50105526
My Comm. Expires May 21, 2029

6

## **VERIFICATION**

STATE OF NEW Jersey )

                            ss:

COUNTY OF Union )

SAMUEL GREENFELD a/k/a NATHAN SAMUEL GREENFELD, solemnly affirms under penalty of perjury the following:

1.      That I am a petitioner in the above captioned matter and am fully familiar with the facts and circumstances of this action.

2.      That I have read the foregoing Petition and know the contents thereof.

3.      That the same is true of my own knowledge, except as to those matters alleged upon information and belief.  As to those matters stated to be alleged upon information and belief, I believe them to be true, based upon review of documents, conversations with my attorney and others and/or independent investigations.

NATHAN SAMUEL GREENFELD

Affirmed to before me this
8th day of April 2025

Notary Public

Mohamed F Ali
NOTARY PUBLIC
State of New Jersey
ID # 50105526
My Comm. Expires May 21, 2029